IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARCUS MCGOWAN,

    Defendant.

Case No. 15-20007-JAR

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Marcus McGowan's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 65).[1] The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court dismisses Defendant's motion for failure to exhaust his administrative remedies.

**I.   Background**

On October 28, 2015, Defendant was charged in a five-count Superseding Indictment with kidnapping a minor resulting in the death of the minor victim, discharging a firearm during and in relation to the kidnapping, premeditated murder of the kidnapping victim by shooting the victim in the back of her head at close range, being a felon in possession of a 9mm firearm, and possession of a 9mm firearm after being convicted of crimes of domestic violence.[2] On May 26, 2016, McGowan pled guilty to kidnapping of a minor resulting in the death of the minor victim (Count 1) and discharging a firearm

---

[1] Because Defendant appears pro se, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 18.

during and in relation to the kidnapping (Count 2).³ On November 22, 2016, this Court sentenced McGowan to life imprisonment on the kidnapping charge and 120 months on the firearm charge, to be served consecutively.⁴ Defendant did not file a direct appeal.

On August 28, 2018, the Court denied Defendant's motion seeking habeas relief under 28 U.S.C. § 2255.⁵ The Tenth Circuit denied Defendant's motion for a certificate of appealability of this decision and dismissed his appeal.⁶

Defendant now asks the Court to reduce his sentence, arguing that he has established extraordinary and compelling reasons warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

## II.     Discussion

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."⁷ Section 3582(c)(1)(A), as amended by the First Step Act of 2018,⁸ permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and

---

³ Docs. 25, 26.

⁴ Docs. 36–38.

⁵ Doc. 57.

⁶ Doc. 64.

⁷ *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

⁸ Pub. L. No. 115-391, 132 Stat. 5194.

compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[9]

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[10] But when "properly invoked," mandatory claim-processing rules "must be enforced."[11] Here, the government invokes the rule and argues that this Court must dismiss Defendant's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement. Defendant offered no evidence of exhaustion in his motion, and he did not file a reply responding to the government's invocation of the exhaustion rule. Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the Court must dismiss Defendant's compassionate release motion without prejudice to filing a new one if and when he exhausts his administrative remedies.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Marcus McGowan's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 65) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

---

[9] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[10] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[11] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

[12] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

Dated: April 15, 2024

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      UNITED STATES DISTRICT JUDGE