## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                            Case No. 15-20007-JAR

MARCAS MCGOWAN,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Marcas McGowan's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 71),[1] which seeks reconsideration of this Court's earlier order dismissing Defendant's motion[2] for failure to exhaust his administrative remedies.[3]  The government has not responded to the motion to reconsider, but in its Response in Opposition to Defendant's earlier motion (Doc. 69), the government briefed the motion on the merits.  Thus, the motion is fully briefed, and the Court is prepared to rule.  As explained more fully below, the Court denies Defendant's motion for compassionate release.

## I.  Background

On October 28, 2015, Defendant was charged in a five-count Superseding Indictment with kidnapping a minor resulting in the death of the minor victim, discharging a firearm during and in relation to the kidnapping, premeditated murder of the kidnapping

---

[1] Because Defendant appears pro se, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court will not act as his advocate.  *Id.*

[2] Doc. 65.

[3] Doc. 70.

victim by shooting the victim in the back of her head at close range, being a felon in possession of a 9mm firearm, and possession of a 9mm firearm after being convicted of crimes of domestic violence.[4]  On May 26, 2016, McGowan pled guilty to kidnapping of a minor resulting in the death of the minor victim (Count 1) and discharging a firearm during and in relation to the kidnapping (Count 2).[5]  On November 22, 2016, this Court sentenced McGowan to life imprisonment on the kidnapping charge and 120 months on the firearm charge, to be served consecutively.[6]  Defendant did not file a direct appeal.

On August 28, 2018, the Court denied Defendant's motion seeking habeas relief under 28 U.S.C. § 2255.[7]  The Tenth Circuit denied Defendant's motion for a certificate of appealability of this decision and dismissed his appeal.[8]

Defendant is currently incarcerated at USP Terre Haute and has no projected release date given his life sentence.

Defendant now asks the Court to reduce his sentence, arguing that he has established extraordinary and compelling reasons that warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

## II.    Discussion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.'  One such

---

[4] Doc. 18.

[5] Docs. 25, 26.

[6] Docs. 36–38.

[7] Doc. 57.

[8] Doc. 64.

exception is contained in § 3582(c)(1).["9]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[10] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[11]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[12]  If the Court grants the motion, however, it must address all three steps.[13]

### A.  Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[14]  In his motion for reconsideration, Defendant attaches a letter to the warden dated January 9, 2024 in which he seeks compassionate release. The Court thus concludes that Defendant has properly exhausted his claim, and the Court proceeds to the merits of his motion.

---

[9] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[10] Pub. L. No. 115-391, 132 Stat. 5194.

[11] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[12] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[13] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

[14] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

## B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion.  The Court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[15] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[16]  Before November 1, 2023, the Sentencing Commission had not issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[17]  Thus, § 3582(c)(1)(A)'s consistency requirement did not constrain the Court's discretion to consider whether extraordinary and compelling reasons warranted a sentence reduction.[18]

On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant."[19]  The policy statement lists grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts.  The listed grounds are medical circumstances, age, family circumstances, the defendant's status as a victim of abuse while in custody, "other reasons," and the defendant's serving an "unusually long sentence" where there has been a change in law.[20]  The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to

---

[15] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[16] *Id.*

[17] *See id.*

[18] *Id.* at 836–37.

[19] *United States v. Bradley*, 97 F.4th 1214, 1217 at n.1 (10th Cir. 2024).

[20] U.S.S.G. § 1B1.13(b).

the specified reasons."[21]  Rather, the catch-all provision allows the Court to consider any circumstances that are similar "in gravity" to the listed categories.[22]

Defendant offers the following as extraordinary and compelling reasons justifying his compassionate release in this case: (1) his unusually long sentence; (2) his exceptional efforts to rehabilitate himself; (3) his medical conditions; (4) the conditions of his confinement during the COVID-19 pandemic; and (5) his need to serve as caretaker for elderly relatives.

### 1.  Unusually Long Sentence

Defendant argues that he is serving an unusually long sentence—life plus a consecutive 10 years—and his sentence is longer than necessary.  Subsection (b)(6) provides that there are extraordinary and compelling reasons for a sentence reduction where: (a) the defendant received an "unusually long sentence"; (b) he has served at least 10 years; (c) there is "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)"; (d) "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed"; and (e) the Court gives "full consideration of the defendant's individualized circumstances."[23]

But if sentenced today, Defendant would not be subject to a lower guideline sentence for the two offenses of conviction.  Under the present sentencing guidelines, he would still face a similar base offense level of 32 and the same enhancements: a six-level increase because he demanded to police officers that they bring the child's mother to a bridge and exchange her for the child; a four-level enhancement because he killed the five-year old child he kidnapped; a two-level enhancement because the victim was unusually vulnerable due to her young age and

---

[21] U.S. Sent. Comm'n, Supp. to Appx. C, Amendment 814, Reasons for Amendment, at 207.

[22] *Id.*; U.S.S.G. § 1B1.13(b)(5).

[23] U.S.S.G. 1B1.13(b)(6) (Nov. 1, 2023).

her relationship with Defendant, who was the boyfriend of her mother; a six-level enhancement because he pointed his handgun at officers after stopping his vehicle on the bridge, prompting officers to shoot him and based on the officers' belief that he had shot at them during the vehicle pursuit; and a two-level enhancement for his recklessly creating a substantial risk of death or serious bodily injury to another person when he engaged in an extended, high-speed flight from officers, endangering the lives of the child passenger, officers, members of the public, and himself.[24]

Defendant's adjusted offense level of 52, minus three points for acceptance of responsibility rendered a Total Offense Level of 49—6 levels above the maximum offense level— which resulted in a guideline sentence of life.  Further, he received a ten-year statutorily mandated consecutive sentence for discharging a firearm during this offense, when he shot and killed the five-year old child.

In short, there has been no change in the law, including no amendments to the sentencing guidelines, that would present any disparity, much less a gross disparity, between Defendant's sentence and a sentence that he would have received if sentenced today.  The Court thus rejects Defendant's argument that he should receive a reduction to his life sentence because it is an unusually long sentence. The Court nonetheless considers below whether he should receive a sentence reduction based on the three-part test for motions for compassionate release, including the "other reasons" category at Section (b)(5).[25]

---

[24] Doc. 35.

[25] U.S.S.G. 1B1.13(b)(5) (Nov. 1, 2023).

### 2. Rehabilitation

Defendant further argues that he has engaged in extraordinary efforts to rehabilitate himself.   But rehabilitation alone is an insufficient reason to grant compassionate release.[26]  It is merely a factor the Court considers when analyzing the factors under § 3553.

### 3. Medical conditions

Defendant maintains that he suffers from a host of medical conditions: breathing difficulties that require his use of a CPAP machine; high blood pressure, high cholesterol, obesity, heart issues; and a rod, screws, and bullets lodged in his body.  He argues that these conditions, in combination with the COVID-19 pandemic and conditions of confinement, present extraordinary and compelling reasons for relief.  The medical records from BOP confirm that Defendant has a history of hypertension, hyperlipidemia, obesity, sleep apnea, and diabetes.[27] But the records also reflect that Defendant is being monitored and treated for these conditions.[28] Furthermore, Defendant has received vaccinations for COVID-19,[29] mitigating the risks from contracting COVID-19 with his pre-existing health conditions.

Under U.S.S.G. § 1B1.13(b)(1)(B) and (C), the Court may find extraordinary and compelling circumstances present if:

> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,

---

[26] *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021).

[27] Doc. 69-1, at 3.

[28] *Id.*, at 1-5.

[29] *Id.*, at 6.

7

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.[30]

The Court cannot find that extraordinary and compelling circumstances exist under subsections (B) or (C) of the policy statement.  Defendant has failed to establish that his medical conditions establish extraordinary and compelling reasons because of his ongoing treatment and protective vaccination status.

### 4.  Conditions of Confinement during COVID-19 pandemic

Like everyone else who was incarcerated during the COVID pandemic, Defendant suffered more restrictive conditions.  Again, this is a generalized complaint, not unique to Defendant and not an extraordinary and compelling circumstance.

Generally, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action."[31]  Nonetheless, the Sentencing Commission's recent policy statement includes guidance on the degree to which conditions of confinement constitute extraordinary and compelling circumstances.[32]  But the policy statement makes clear that pandemic-related conditions of confinement must be specific to the defendant to constitute extraordinary and compelling circumstances. None of the conditions cited by Defendant are specific to him; they are issues impacting all prisoners.  Crediting the generalized conditions

---

[30] U.S.S.G. § 1B1.13(b)(1)(B)–(C).

[31] *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

[32] U.S.S.G. § 1B.13(b)(1).

recited in Defendant's motion would justify compassionate release for all prisoners who were

housed at his facility during the pandemic.  Courts have consistently denied this type of claim

raised in a compassionate release motion.[33]

### 5.  Family Circumstances

Defendant contends that he should be released to care for his elderly mother and

grandmother, who both have medical issues.  He maintains that he is the only caregiver available

to care for them.  But Defendant has not provided medical records regarding the diagnosis and

prognosis of these two relatives, nor has he given any information about who is currently caring

for them or why that care is inadequate.  He provided a letter from his grandmother, who stated

that she is 82 and her "health is not very good," but she did not indicate that Defendant was her

only available caregiver.[34]  Rather, she referenced his past help with errands, fixing her car, and

fixing things around the house.  And she also stated that in the past, Defendant had always

helped her, his mother, his sister and brother, and his nieces and nephews.[35]  Defendant also

attached a letter from his mother, who described his role as her driver; he took her to doctor's

visits and grocery shopping.[36] She also stated that Defendant has six nephews and one niece.[37]

These letters indicate that Defendant has siblings and others who are likely able to be caregivers

---

[33] *See, e.g.*, *United States v. Farmer*, 2022 WL 47517, at *4 S.D.N.Y. Jan. 5, 2022) (citations omitted)
(months of lockdowns and lack of access to programming during the pandemic did not justify granting motion for
compassionate release)); *United States v. Ogle*, 2022 WL 2307377, at *4 (S.D. Ill. June 27, 2022)(limited phone
calls, lack of visits and restricted movements were reasonable restrictions in light of need to control spread of
COVID)); *United States v. Peterson*, 2021 WL 2682819, at *3 (E.D. Mich. June 20, 2021)(restrictive confinement
conditions were hardships endured by many if not all of defendant's fellow inmates)).

[34] Doc. 65-3, at 3.

[35] *Id.*

[36] Doc. 65-3, at 4-5.

[37] *Id.*

for his grandmother and mother. Thus, Defendant has not established that he is the sole available

caregiver available for his mother and grandmother as required by § 1B1.13(b)(3)(A).[38]

### 6. "Other reasons," including rehabilitation, medical conditions, family circumstances," and other § 3553 factors

Finally, Defendant urges the Court to reduce his sentence based on "other reasons." The

policy statement lists grounds for reduction including medical circumstances, age, family

circumstances, the defendant's status as a victim of abuse while in custody, or "other reasons"

that are similar "in gravity" to the listed categories.[39] He argues that the combination of reasons

he raises—the unusually long sentence, the conditions of confinement during the pandemic, his

medical conditions, his rehabilitation, and family circumstances—warrant compassionate release

in this case. The Court finds none of these reasons, singularly or in combination, is an

extraordinary and compelling reason to grant him relief.

The Court next considers the factors set forth in § 3553(a) in light of post-sentencing

developments.[40] Those factors include: (1) "the nature and circumstances of the offense and the

history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect

the seriousness of the offense, to promote respect for the law, and to provide just punishment for

---

[38] *See e.g.*, *United States v. Burrough*, 2022 WL 2318512, at *5 (W.D.N.C. June 28, 2022) (generally defendant must show he is the sole available caregiver for his minor child or a closely related and incapacitated adult family member)).

[39] U.S. Sent. Comm'n, Supp. to Appx. C, Amendment 814, Reasons for Amendment, at 207; U.S.S.G. § 1B1.13(b)(5).

[40] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence. Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." (citation omitted)); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[41]  "[T]he facts allegedly establishing extraordinary and compelling reasons for release . . . . are relevant to the § 3553(a) analysis."[42]

With respect to the history and characteristics of Defendant, the Court notes that Defendant has engaged in laudable efforts to rehabilitate himself while in prison.  His original motion for compassionate release includes attachments detailing the classes he has taken, before and during the COVID-19 pandemic, which include educational classes on a variety of subjects, drug education classes, and a class called "Victim Impact: Listen & Learn."[43] He has also participated in numerous psychology classes and groups.[44]  And he has been awarded numerous certificates of completion for his coursework.[45]

But Defendant's criminal history includes numerous convictions involving violence— criminal threats, battery, domestic violence, obstruction of legal process, firing a shotgun at victims, and holding a knife to the throat of one victim.

Moreover, the nature and circumstances of the instant offenses are horrific, as the Court detailed above.  The nature and circumstances of the instant offenses, coupled with Defendant's troubling and violent criminal history, confirm that the life plus 10-year sentence was and is

---

[41] 18 U.S.C. § 3553(a).

[42] *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021)).

[43] Doc. 65-1, at 2.

[44] *Id*., at 6-8.

[45] *Id*., at 10-17.

necessary to afford adequate deterrence to criminal conduct, to promote respect for the law and to protect the public from further crimes of the defendant.  It is also a sentence that provides just punishment, particularly in light of the tragic, senseless death of his five-year old victim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Marcas McGowan's Motion for Reconsideration of his Motion for Reduction of Sentence (Doc. 71) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 2, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE